IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAYNE GRIFFIN,** | : | **No. 3:08cv1028** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **WARDEN RONNIE HOLT,** | : | |
| **Respondent** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court is the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Having been fully briefed, the matter is ripe for disposition.

**Background**

Petitioner is an inmate at the United States Prison-Canaan in Waymart, Pennsylvania. He was sentenced on September 11, 2006 to a term of sixty-months imprisonment and three years of supervised release for violating 18 U.S.C. § 922(G)(1) as a felon in possession of a firearm. (See Government's Response to Petition, Exh. A (Doc. 5-3)). Petitioner is scheduled for release on July 26, 2010. (Id.). On May 27, 2008, petitioner filed the instant action, seeking an order for the court placing him in home confinement through a community correctional facility ("CCF") or similar placement. (See Doc. 1). He argues that he is unlawfully confined to prison for the entirety of his sentence, which violates his right to serve at least part of that term in a CCF. After the petitioner filed his action, the court ordered the government to respond. The government did so, bringing the case to its present

posture.

**Jurisdiction**

As this case is brought pursuant to 28 U.S.C. § 2241, the court has jurisdiction under 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. That statute "confers jurisdiction on district courts to issue writs of habeas corpus in response to a petitioner from a state or federal prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001). Section 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Id. at 485. (quoting 28 U.S.C. §§ 2241(a) and (c)(3)). The Third Circuit Court of Appeals has yet to define clearly the meaning of "execution" in this context, but has cited approvingly holdings from other circuits finding that a § 2241 motion properly challenges "'such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005) (quoting Jimian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001)). The Third Circuit Court of Appeals has found Section 2241 the appropriate means for

2

challenging a decision to exclude an inmate from release to a CCF. Woodall, 432 F.3d at 243-44.

**Discussion**

The respondent argues that the court should deny the petition for a writ of habeas corpus because the petitioner lacks standing to bring his claim as no case or controversy exists. Respondent contends that no decision has yet been made on petitioner's eligibility for the CCF program, and the court therefore cannot determine whether that decision violated the laws or treaties of the United States.

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37 (1976). Standing provides "justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III." Warth v. Seldin, 422 U.S. 490, 498 (1975). The Supreme Court has described three elements that comprise the "irreducable constitutional minimum of standing." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). A plaintiff must first "have suffered an 'injury in fact'–an invasion of a legally protected interest which is (a) concrete and particularized [citations omitted] and (b) 'actual or imminent, not 'conjectural or hypothetical.'" Id. (quoting Los Angeles v. Lyons, 461 U.S. 95, 102 (1983)). Next, the injury suffered by the plaintiff must by causally connected to the conduct of which the plaintiff complains: "the injury has to be 'fairly . . . trace[able] to

3

the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court.'" Id. (quoting Simon, 426 U.S. at 41-42). Finally, "it must be 'likely' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Id. (quoting Id. at 38, 43).

Federal law provides that "[t]he Director of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c)(1). A prisoner may be placed "in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Under this "Second Chance Act of 2007," the Bureau of Prisons ("BOP") has statutory authority to make pre-release residential re-entry center ("RRC") placement decisions. See "Second Chance Act of 2007 & Pre-Release RRC Placements", Exh. A to Government's Response (Doc. 5) (hereinafter "RRC Placements"); 18 U.S.C. § 3624(c)(1); 28 C.F.R. § 570.22 (establishing that "[i]nmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part."); 28 C.F.R. § 570.21 ("[i]nmates may be designated to community confinement as a condition of pre-

release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months.").

Under that program, then, inmates are eligible to be released to an RRC twelve months before the expiration of their sentence of imprisonment. (RRC Placements). The BOP reviews inmates for placement in such programs seventeen to nineteen months before they are eligible for release. (Id.). The BOP is required by statute to determine an inmate's eligibility for the program based on several factors, including "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence [concerning the purpose of the punishment or recommending a facility]; (5) any pertinent policy statement issued by the Sentencing Commission." 18 U.S.C. § 3621; see also, Woodall, 431 F.3d at 245 (finding that the BOP is required to consider such factors in determining RRC release).

Petitioner is presently eligible for release from prison on July 26, 2010, more than nineteen months from the present date. Accordingly, the BOP has not yet made a determination of petitioner's eligibility for release to an RRC and is not required to do so under its current rules. Petitioner's claim in seeking a writ is that he has been unlawfully denied access to the release program. Apparently, however, the government has yet to make that decision. As such, there is not yet a case or controversy for the court to adjudicate. Petitioner's injury is not actual or imminent,

5

but is instead conjectural, based on the supposition that the BOP will deny him access to the RRC program. Because petitioner has not yet–and may never–suffer the injury he claims, he lacks standing to seek his writ and the court lacks jurisdiction to hear the case. The court will therefore deny the petition.[1]

**Conclusion**

Because there is not at present any case or controversy surrounding petitioner's eligibility for release under the Second Chance Act of 2007, the court finds that plaintiff lacks standing to bring his petition. The court will therefore deny the petition and dismiss the case.

---

[1] The court notes, however, that petitioner could have an action in habeas if he is denied access to the CCC program in violation of the statutes and regulations governing that program. Such an action would be a challenge to the execution of his sentence and would argue that the BOP had acted in violation of the laws of the United States in executing his sentence. See Woodall, 432 F.3d at 243-44.

6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAYNE GRIFFIN,** | : | No. 3:08cv1028 |
|     **Petitioner** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| | : | |
| **WARDEN RONNIE HOLT,** | : | |
|     **Respondent** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 17th day of December 2008, the instant petition for a writ of habeas corpus (Doc. 1) is hereby **DENIED**. A certificate of appealability may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Based upon the reasoning in the accompanying memorandum, the court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c) and and 3d Cir. LAR. 22. The Clerk of Court is directed to **CLOSE** the case.

                                              **BY THE COURT:**

                                              **s/ James M. Munley**
                                              **JUDGE JAMES M. MUNLEY**
                                              **UNITED STATES DISTRICT COURT**